

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2009

# Buziuski v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3043

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Buziuski v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1829.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1829

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3043
_____

SIARHEI BUZIUSKI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-689-531)
Immigration Judge: Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2008
Before: MCKEE, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 24, 2009)
_____

OPINION
_____

PER CURIAM

Siarhei Buziuski petitions for review of the June 13, 2007 decision of the Board of

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his

application for asylum, withholding of removal, and protection under the United Nations

Convention Against Torture ("CAT"). For the following reasons, we will deny the petition for review.

## I.

Buziuski is a twenty-four-year-old citizen of Belarus who arrived in the United States in June 2004 on a J-1 student visa. In December 2004, he applied for asylum, withholding of removal and CAT protection, claiming past persecution and a fear of future persecution on account of his political opinion. A removal hearing was held on February 28, 2006. In his testimony before the IJ, Buziuski claimed that he was an active member of the pro-democracy "Young Front of the Belarusian National Front" ("Young Front"), and that he was assaulted by police officers on five separate occasions between 1999 and 2004 as a result of his participation in protest activities against the government of President Alexander Lukashenko. One of these assaults allegedly took place while Buziuski was participating in a demonstration on October 9, 2001. He testified that he was detained by police for five days following that attack. He also claimed that he was criminally charged after the incident, and he supported that claim by submitting an original and translated copy of the charging instrument and an original and translated copy of a summons ordering him to appear before a magistrate on October 10, 2001. He testified that the charges stemming from that incident were still pending and that his parents had informed him during telephone conversations that the authorities were still searching for him. In addition, he testified that he was hospitalized for five days with a concussion after being beaten by police on February 10, 2004. The assault allegedly

occurred after police disrupted a meeting of the Young Front that was being held at a private residence. In support of this claim, he submitted an original and translated copy of a doctor's note issued on February 22, 2004, stating that Buziuski was to be excused from attending classes because he had suffered a concussion.

Following the hearing, the IJ issued an oral decision denying Buziuski's application in its entirety. The IJ determined that Buziuski's testimony was not credible, explaining that his claim that he was detained for five days following his arrest on October 9, 2001, conflicted with his admission on cross-examination that he personally received the summons at his college dormitory the day after the arrest. The IJ also noted that Buziuski changed his account after being confronted with this discrepancy and claimed that the summons was delivered to another person in the dormitory who proceeded to place the document in Buziuski's room. The IJ further determined that Buziuski's revised account as to how he received the summons also conflicted with the document itself, which indicated that it was personally served on the addressee. The IJ believed that this discrepancy was significant because it undermined the credibility of Buziuski's assertion that he feared imprisonment on charges related to his October 9, 2001 arrest. In addition to acknowledging the weaknesses in Buziuski's testimony regarding that arrest, the IJ found that Buziuski did not satisfactorily explain why he failed to corroborate his claim with a letter or affidavit from his parents. The IJ also found that Buziuski did not satisfactorily explain his failure to corroborate his membership in the Young Front or produce any evidence showing that such a group

exists. Further, the IJ found that the doctor's note was insufficient because it did not state the location of the hospital and did not contain a diagnosis, prognosis, or cause for the concussion that Buziuski allegedly suffered in connection with the February 2004 incident. Based on the adverse credibility and corroboration determinations, the IJ concluded that Buziuski had failed to satisfy his burden of proving eligibility for asylum, withholding of removal, and CAT protection. Buziuski appealed the IJ's decision to the BIA, which dismissed the appeal on June 13, 2007. The BIA upheld the adverse credibility finding for largely the reasons given by the IJ and also repeated her conclusions regarding the absence of corroborative evidence. Buziuski has filed a timely petition for review of the BIA's decision. We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the agency's final order of removal.

## II.

Buziuski argues that the adverse credibility finding is not worthy of deference because the inconsistencies cited in the agency decisions are minor and are not supported by the record. We need not address this argument, however; even if we were to conclude that the adverse credibility finding is not supported by substantial evidence, we believe there are no grounds for disturbing the agency's conclusion that Buziuski did not provide reasonably expected corroboration of his claims and did not give a satisfactory explanation for his failure to do so. An applicant whose testimony is deemed credible may be denied relief for failure to submit corroborative evidence, provided it is reasonable to expect an applicant to submit such evidence and the applicant is given an

opportunity to explain its absence. See Chen v. Gonzalez, 434 F.3d 212, 217 (3d Cir. 2005). Before concluding that an applicant has failed to meet his burden of proof due to lack of corroboration, the agency must conduct a three-part inquiry: "(1) an identification of facts for which it is reasonable to expect corroboration; (2) the presence or absence of such corroboration in the record; and (3) the adequacy of the applicant's explanation for its absence." Toure v. Att'y Gen., 443 F.3d 310, 323 (3d Cir. 2006) (citing Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001)). As for the first step of the inquiry, we have stated that "[i]t is reasonable to expect corroboration where the facts are central to the applicant's claim and easily subject to verification." Chukwu v. Att'y Gen., 484 F.3d 185, 192 (3d Cir. 2007). Agency findings of fact are generally reviewed for substantial evidence and are entitled to deference "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). In addition, we must uphold a determination regarding the availability of corroborating evidence unless "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4)(D); see also Chen, 434 F.3d at 218. Because the BIA did not conduct its own corroboration inquiry and merely repeated the IJ's credibility and corroboration determinations in support of its conclusion that Buziuski had not satisfied his burden of proof, we have jurisdiction to review both the BIA's and IJ's decisions. See Fiadjoe v. Att'y Gen., 411 F.3d 135, 153 (3d Cir. 2005); Korytnyuk v. Ashcroft, 396 F.3d 272, 286-87 (3d Cir. 2005).

We conclude that substantial evidence supports the corroboration determinations.

As the IJ explained, it was reasonable to expect Buziuski to corroborate his affiliation with the Young Front, since it was with that organization that Buziuski had "engaged in his antigovernment protests, distributing leaflets and stickers, exposing his group's democratic position, for which he was arrested, beaten, and detained."[1] (A.R. at 40.) As for the remaining steps of the corroboration inquiry, the IJ properly found that Buziuski did not submit independent corroboration of his group affiliation and did not adequately explain why he did not bring such documentation with him from Belarus or request such evidence from like-minded friends and acquaintances in Belarus who were purportedly aware of his protest activities, such as the teachers who assisted him with his student visa application or the classmates who joined him in his protest activities. Furthermore, the IJ reasonably expected Buziuski to corroborate his claim that he faces imprisonment stemming from unresolved criminal charges relating to his arrest on October 9, 2001, nearly three years prior to his departure from Belarus. The record does not contain documentary evidence supporting this assertion, and the IJ appropriately determined that Buziuski did not adequately explain why he did not support this claim with a letter or affidavit from his parents, who were allegedly aware of recent attempts by the authorities

---

[1] Buziuski argues that he should not have been required to submit evidence of his affiliation with the Young Front because he did not testify that he distributed group literature subsequent to 2001 and never claimed that he possessed a group membership card. However, when he was asked at the removal hearing why he did not submit documentation showing his involvement with the group, he explained that he was in a hurry to leave the country. He did not state that such evidence was inaccessible or unavailable. Accordingly, we do not believe there is a basis in the record for concluding that it was unreasonable for the BIA and IJ to expect Buziuski to provide this evidence.

to locate Buziuski and detain him pursuant to those charges.

Because we are unable to find any evidence in the record that compels reversal of the corroboration findings, we conclude that the claims for asylum and withholding of removal were properly denied. We also agree that Buziuski has failed to satisfy his burden of proving eligibility for CAT protection, as the record is devoid of evidence indicating that he faces a likelihood of torture.[2]

### III.

For the foregoing reasons, we will deny the petition for review.

---

[2] Buziuski also challenges the IJ's decision to admit into evidence the Asylum Office Assessment Memo compiled following Buziuski's credible fear interview. He claims that he was never properly served with this document and thus did not have an opportunity to review its contents prior to its presentation at the removal hearing. Since the BIA and IJ did not cite to the Assessment Memo in support of their decisions to deny relief, we conclude that Buziuski's challenge to the admission of that document is not relevant to the issues presented in the petition for review.